JONES v. CLARK AND CLARK.

| 31 | 497 |
|----|-----|
| 102 | 126 |
| 31 | 49 |
| 115 | 26 |
| e115 | 27 |

**Amendment:** AFTER CAUSE IS REMANDED: EQUITABLE JURISDICTION. Where the decree in a chancery case is, upon the merits, modified and affirmed on appeal to the supreme court, and the cause remanded for the district court to enter and enforce the decree, the appellee will be allowed to amend his pleading, asking judgment for the value of property adjudged by the decree to belong to him, but which the opposite party has, instead of delivering up to him, converted to his own use.

*Appeal from Dubuque District Court.*

MONDAY, JUNE 12.

THE following brief statement presents the question involved in this case. The plaintiff filed his petition in equity, alleging that John Clark had entered into a written agreement with plaintiff for the leasing of a certain mining interest at Dubuque, and that Ezekiel Clark had become interested with John Clark as a partner, and that they had wrongfully taken away certain machinery and tools, and had paid out of the funds received for the mineral $1,600 for two boilers, which Ezekiel Clark claims as his own property, but which are the property of plaintiff. The defendant John Clark claimed, in his cross bill, various sums of money of plaintiff, and Ezekiel Clark alleged that the boilers were purchased with his money, and were his individual property. The cause was referred to D. C. Cram to hear the evidence and report upon the issues, and, in the further progress of the case, such proceedings were had that John Clark was found entitled to the sum of $1,185, and Ezekiel Clark was found to be the owner of the two boilers. Upon appeal to the supreme court the decree was modified as to a portion of the sum allowed John Clark, and affirmed as to the finding that

Ezekiel Clark was owner of the two boilers, and the cause was remanded to the district court to enter and enforce the modified decree.

The *procedendo* being filed and the cause redocketed in the district court, the defendant Ezekiel moved the court for leave to file the following amendments, to wit:

"And now comes Ezekiel Clark, one of the defendants in the above cause, and by way of amendment to the cross bill heretofore filed by this defendant, re-affirms the allegations thereof, and avers that the said plaintiff refused to deliver up the said two boilers, named in said cross bill, and converted the same to his own use; wherefore the defendant prays judgment and decree against said plaintiff for the value of said boilers, to wit, for the sum of $1,600, with interest and cost of suit." The plaintiff objecting, the court refused to permit the amendment, holding, "as a matter of law, that when a chancery case has been appealed to the supreme court, and has been there heard upon its merits, and is remanded to the district court, with instructions as set forth in the *procedendo* in this cause, the district court *has no* power to grant leave to amend."

The defendant, Ezekiel Clark, appeals.

*Shiras, Van Duzee & Henderson* for the appellants.

*Monroe & Deery,* and *Adams & Robinson* for the appellee.

DAY, Ch. J.— The court was in error in holding that it had no power to · allow the proposed amendments. The court may, at any time, in furtherance of justice, and on such terms as may be proper, permit a party to amend any pleadings or proceedings. Rev., § 2977. This case involved a controversy as to the ownership of two boilers. The plaintiff, and the defendant, Ezekiel Clark, each claimed them. The decree of the district court,

which was affirmed on appeal to the supreme court, settled the title of this property in the defendant. But, as the defendant had asked no affirmative relief, the decree stopped with simply declaring that he. was the owner of the property. Had the plaintiff yielded obedience to this adjudication, no further interposition of the court would have been necessary. The proposed amendment, however, alleges that the plaintiff has converted the boilers to his own use. He does not yield to the defendant the quiet and uninterrupted enjoyment of. his own property. To that end, the defendant must be able to wield the strong arm of the law. He needs a decree for the return of the property, or for its value, and an award of execution for the enforcement of the decree. Under the present state of the pleadings, he is not entitled to such relief. If he is not allowed to amend, he must be driven to a separate action, in order to avail himself of the benefits of the decree in his favor. We see no good reason for driving him to this circuity of action. The law does not favor a multiplicity of suits. When a court of equity has acquired jurisdiction of a cause, it will retain it for the purpose of disposing of the entire case, and administering complete justice to the parties.

In our opinion, the permitting of the amendment offered would have been in furtherance of justice, and the court erred in refusing to allow it.

. Reversed.