JONES v. CLARK & CLARK, appellants.

*Appeal from Dubuque District Court — Saturday, June 8.*

EQUITABLE JURISDICTION: STATUTE OF LIMITATIONS.

THIS is an action in chancery, to recover the possession of certain mining lands leased by plaintiff to defendant John Clark, for an accounting of receipts and expenditures connected with money transactions, and for the value of certain property converted by defendant. Defendant Ezekiel Clark was made a party and sought to be charged as the partner of the other defendant. A decree was rendered in the case which, among other things, declared that two certain steam boilers in controversy were the property of defendant Ezekiel Clark. No provision was made in the decree in regard to the delivery of the possession of the boilers by plaintiff to Ezekiel Clark, nor was any judgment rendered for their value. The cause was appealed to this court, and the decree was modified and affirmed. See 28 Iowa, 593.

The cause, after the determination of the appeal, was re-docketed in the district court, and thereupon defendant Ezekiel Clark asked leave to amend his cross-bill filed therein, by proper averments, setting up plaintiff's refusal to deliver the boilers, the conversion thereof to his own use, and that they were of the value of $1,600. He also claimed,

in the proposed amendment, judgment for the value of the boilers, with interest. This amendment the district court would not permit. Thereupon defendants again appealed, and the court reversed the ruling of the court below, denying defendant the right to amend. See 31 Iowa, 497.

Upon the cause again being remanded to the district court, defendant was required to make a more specific statement of the matter of his amendment to his cross-bill. He accordingly amended so as to show, among other things, that plaintiff, in October, 1865, before the commencement of this suit, took possession of the boilers, claiming to own them, and has ever since held them. The other matter of this amendment need not be set out further than to remark that it substantially repeats the averments of the first amendment.

To the cross-bill as amended, plaintiff demurred, on the grounds: 1. That defendants' claim therein is barred by the statute of limitation; 2. That the pleading is inconsistent, as it shows the decree declaring defendant to be the owner of the boilers, and a taking prior thereto, and does not show defendant's ignorance of such taking when the decree was amended; 3. That the amended cross-bill does not show that plaintiff holds possession of the boilers as against defendant, or has claimed any right in them since the decree, or in any way failed to obey it.

The demurrer was sustained upon the third ground. Defendant standing upon his pleading, judgment was rendered thereon against him, and he now appeals to this court.

*Shiras, Van Duzee & Henderson* for the appellant — *Adams & Robinson, Monroe & Deery* for the appellee.

BECK, Ch. J. — In our opinion the demurrer was erroneously sustained. The amendment to the cross-bill claims and seeks a recovery for the value of the boilers, the title of which was settled in defendant by the decree rendered in the case. The right of defendant to such proceedings for relief, was determined by this court in an adjudication upon a former appeal in this case. No question as to their form or time when commenced is now before us. Defendant's amended pleading sufficiently alleges his right to the boilers as settled by the decree and the fact that plaintiff still detains them. The decree provides no remedy whereby defendant may have the boilers restored to his possession; it does not even direct that this may be done, nor does it provide for the recovery of their value by defendant. It declares his right to the property and nothing more. Equity, having acquired jurisdiction of the case, of the parties and the subject-matter, will retain it until justice be done. It will afford defendant proper relief, and this, it is claimed, in the cross-bill, should be a judgment for the value of the property.

We do not intimate that the cross-bill shows a state of facts that

cannot be rebutted; that defendant's right to recover the value of the boilers, cannot be defeated. These are matters to be determined in the further progress of the action.

2. The objection raised by the demurrer that defendant's right to the relief claimed is cut off by the statute of limitations, cannot be sustained. In the action, plaintiff claimed that the boilers were his property, and he sought to enforce the right which he set up thereto. Defendant in his cross-bill asserts his right to the boilers, and they were adjudged to belong to him. Until the decree, the rights of the parties to the property were involved in the suit, and it is plain the statute during that time did not run against defendant. By his amendment to the cross-bill, defendant seeks to enforce his right to the property which was settled by the decree. It is not a new proceeding or an independent action, but a continuation of the original action, and is not therefore barred.

The judgment of the district court sustaining the demurrer is reversed and the cause will be remanded for further proceedings not inconsistent with this opinion.

Reversed.