REED ET AL. v. HOWE ET AL.

1. **Practice:** AMENDMENT AFTER APPEAL. In an action by the other heirs at law against the administrator, who was also an heir, it was adjudged upon the final trial in the Supreme Court, that the administrator had made fraudulent sales of the real estate for less than its value, and that he should pay the amount of the difference between the actual value and the amount received. The procedendo having been filed in the court below he asked leave to file an amended answer, alleging that a certain amount was due him for fees and disbursements as administrator, and as heir at law, and that this should be applied in cancellation of the judgment: *Held,* that the pleading contained no matter which might not have been set up before the trial, and that the amended answer should not have been permitted to be filed.

*Appeal from Black Hawk District Court.*

THURSDAY, OCTOBER 5.

THIS action has been already twice before this court. It was commenced in 1866. See 28 Iowa, 250, and 39 Id., 553. In the last appeal the case being in equity was tried anew in this court on its merits.

The petition alleges in substance that plaintiffs and defendant Howe are heirs at law of P. H. Reed, deceased, who died intestate in 1859, leaving a large amount of real and personal property; that defendant Howe was appointed administrator of the estate, and defendants Hardy and Smith are his sureties; that Howe took possession of the personal estate amounting to $16,000, and converted it to his own use; that he fraudulently effected a sale of the real estate amounting to 1,443 acres of land and some town lots, and by false and

fraudulent reports to the county judge he procured his discharge as such administrator. It is further alleged that Howe was appointed administrator of said estate in Illinois, and filed an inventory of claims due deceased in Illinois, amounting to $4,359, and an additional inventory amounting to $2,099, and placed on file in the office of the county judge of. Black Hawk county certified copies of the same and is credited with the full amount of said inventories; that Howe was indebted to said estate in the sum of $7,000, not included in his inventory. The prayer of the petition is for a full accounting.

Howe answered denying all fraud, and alleging that the amount included in the inventory and additional inventory filed in Illinois, were before the filing of the same filed in Black Hawk county in the first inventory, and were of right credited to him in Black Hawk county, and that they are in process of settlement in Illinois. He also alleges full report and settlement of administration in the County Court of Black Hawk county, Iowa, and final discharge as to him and his sureties.

It was adjudged in the final trial in this court, that the plaintiff's allegations of fraud in procuring the final settlement were not sustained by the evidence, but that defendant, Howe, did fraudulently sell said real estate for less than its value, and that he fraudulently procured the same to be purchased for his own use.

All the lands excepting 320 acres had passed into the hands of innocent purchasers. This court set aside the sale as to said 320 acres, and directed judgment against Howe and his sureties for the amount of the difference between the value of lands sold to innocent purchasers, and the price paid by Howe amounting to $1,458, and leaving the amount due Howe as an heir of the estate open for future adjustment, as the state of the record afforded no means of ascertaining said amount.

The procedendo having been filed in the court below, defendants Howe, Hardy, and Smith asked leave to file what is denominated an amended and supplemental answer, alleging that upon final settlement of said Howe as administrator, made in 1864, in the County Court of Black Hawk county, it was

adjudged by said court that the estate was indebted to said Howe, on account of claims then held and owned by him, and on account of his fees and disbursements as such administrator over and above all assets received by him, in the sum of $1,787.15, and that said judgment and claim is still due and wholly unpaid; that until the rendition of the said judgment against him for said sum of $1,478, there were no assets of the estate in this State out of which his said claim of $1,785.15 could be made; that plaintiffs ought in equity to pay from the property received by them as heirs of Reed, the claim of Howe, aforesaid, and so much of said claim as is necessary to pay the judgment in plaintiff's favor, ought to be applied thereto and said judgment should be cancelled thereby.

The plaintiffs at the same time filed a motion for judgment in accordance with the opinion of this court. The court below directed that judgment be rendered in favor of plaintiffs in accordance with the decision of this court, and denied the motion of defendants for leave to file supplemental answer. Defendants excepted and appeal.

*Boies, Allen & Couch*, for appellants.

*George Ordway*, for appellee.

ROTHROCK, J.—The foregoing somewhat lengthy statement is necessary to a fair understanding of the question made in this case.

Instances where additional pleadings should be allowed after an equity case has been tried anew on its merits in this court, and remanded to the court below, are exceedingly rare.

It is true that the court may at any time in furtherance of justice, and on such terms as may be proper, permit a party to amend any pleading or proceedings. Code, Sec. 2689.

There are undoubtedly cases where, upon procedendo, amendments should be allowed. In the case of *Jones v. Clark & Clark*, 34 Iowa, 590, the decree of this court found the defendant to be the owner of certain personal property, then in the possession of the plaintiff. The plaintiff refused to deliver the property to defendant, but converted it to his own use.

Reed v. Howe.

The procedendo being filed and the cause re-docketed in the District Court, the defendant asked leave to file a supplemental pleading alleging the conversion of the property, and praying for judgment against the plaintiff for the value thereof.

It was held that the District Court should have allowed the amendment to be made. This was a case where the amendment was made necessary by a fact transpiring after the trial of the case in this court, to-wit: the refusal to deliver the property in compliance with the judgment. Other circumstances might occur where amendments should be allowed upon the procedendo being filed, but in our opinion this case does not present such a state of facts as to render the proposed amendment either proper or allowable.

This has been a long controversy, including the whole conduct of the defendant, Howe, as administrator. He pleaded and relied on the settlement made with the county court, and well knew that the claim he now makes had been allowed, and we are unable to perceive any objection that could have been made to his setting up the claim before the trial of the case in the court below.

No showing is made why this was not done. It would be a vicious practice for a party to present part of his case, and after a trial in the *nisi prius* court, and a trial anew in this court, to allow amendments to be made presenting issues which should have been presented in the first instance.

The estate so far as it is situated in Illinois is unsettled, and it appears there is a large amount of property there. If defendant has a valid claim against the estate, let him present it there on the settlement to be made by him as administrator.

AFFIRMED.