Adams County v. The B. & M. R. R. Co.

| 44 | 335 |
| 115 | 23 |
| e115 | 26 |

1. **Pleading**: PRACTICE IN EQUITY: AMENDMENT AFTER REMAND. After a reversal in an equitable action which is remanded for further proceedings not inconsistent with the opinion of the court, the unsuccessful party may file an amended or additional pleading, upon such a showing of newly discovered evidence as would entitle a party to a new trial in an action at law.

| 44 | 335 |
| 134 | 525 |
| 44 | 335 |
| f133 | 325 |
| 44 | 335 |
| 136 | 35 |
| 136 | 36 |

2. ———: ESTOPPEL: TAXATION. Where, in an action by a county to quiet title to certain lands, it was answered that the county had received taxes upon the same. an amendment to the effect that the taxes had been received by inadvertence was the introduction of new matter proper to be shown.

| 44 | 335 |
| f141 | 741 |
| f141 | 745 |

*Appeal from Adams District Court.*

WEDNESDAY, OCTOBER 18.

THE plaintiff, Adams county, claiming to be the owner of certain lands in said county, over which the defendant was exercising acts of ownership under a claim of title, brought this suit in equity to quiet its title to said land. The defend-

ant denied the plaintiff's title, and by way of cross-petition averred that it was the owner of said land, and that the plaintiff was estopped from asserting any title thereto because the plaintiff assessed the said land to the defendant, and received from the defendant the taxes thereon. The plaintiff denied the assessment and receipt of taxes.

The District Court rendered a decree for the plaintiff, and the defendant appealed. This court reversed the decision of the District Court on the ground that it appeared that the plaintiff had assessed the land to the defendant, and received from it the taxes, and was thereby estopped from asserting title to the same.

No decree, however, was entered in this court, but the case was remanded to the District Court for further proceedings not inconsistent with the opinion filed therein. During the vacation, the defendant filed a motion for a decree that the title to the land be quieted in it as prayed in the cross-petition.

Immediately afterward, the plaintiff filed a notice, with proof of service on the defendant, that the "plaintiff would, on the first day of the next ensuing term, file an amended replication to the defendant's cross-bill." On the first day of the next term the plaintiff filed what it denominates an "Amendment to replication of plaintiff to amended answer and cross-bill of defendant," in which it is averred, among other things, in substance, that the board of supervisors of said Adams county, at the time of the alleged payment of taxes to plaintiff by defendant on the land in question, were ignorant of the fact that either the local assessor or county clerk had placed any such lands on the tax list, or suffered them to be placed there; that they never did at any time order them taxed; and that in receipt of money for taxes on railroad lands, it was understood and believed that all lands upon which money was so received were lands belonging to the railroad land grant of May 15, 1856, and that any entry of taxation or assessment of the lands in question was made through mistake and inadvertency. It is further averred that the "said matter of defense was unknown to the plaintiff or

its attorney at the time of the filing of the former replication, and was wholly unknown and undiscovered until the month of December, 1874; that plaintiff's attorney made due inquiry of the county treasurer and examined the record and inquired of the ministerial officer of the facts, but by reason of the change of form of the county government, and change of county officers, the defenses herein stated could not with ordinary diligence be discovered until December, 1874."

To the said pleading was attached an affidavit in the following words:

" STATE OF IOWA,
  "Adams County.

"Joseph S. Morten, duly sworn, on oath says that he is chairman of the board of supervisors of Adams county, and that he is acquainted with a part of the facts stated in the above replication; that he has heard the same fully read over, and that he verily believes the same to be true.

"JOSEPH S. MORTEN."

This affidavit was duly subscribed and sworn to. The plaintiff offered to file in support of the amended replication, and as an addition and amendment thereto, the affidavit of W. S. McDuffee, who was the treasurer of Adams county in 1868, 1869 and 1870; the affidavit of Frank M. Davis, the attorney of the county in this suit; the affidavit of Wesley Homan, the treasurer of the county, and the affidavit of H. G. Ankeny, a member of the board of supervisors in 1869, which affidavits tended to show the truth of the allegations made in the amended replication. The court refused to allow the affidavits to be filed. The defendant then filed a motion to strike the amended replication from the files, which motion was sustained; and the court then entered a decree for the defendant on its cross-bill. From the decision of the court striking the amended replication from the files, and from the decree, the plaintiff appeals.

*Frank M. Davis*, for appellant.

*Stuart Bros.*, for appellee.

VOL. XLIV—22

ADAMS, J.—The question presented for our decision is whether, after a reversal in a suit in equity, which is remanded

1. PLEADING: practice in equity: amendment after remand.

by this court for further proceedings not inconsistent with its opinion, the unsuccessful party can be allowed to file an amended or additional pleading upon such showing of newly discovered evidence as would entitle an applicant to a new trial in a suit at law. This question the District Court answered in the negative.

It is claimed by the appellee that the case, having been determined in this court, the court below had power only to enter a decree in accordance with the opinion of this court. The argument is that the allowance of an amendment on the ground of newly discovered evidence involves as a consequence a new trial, and that such can be had, if at all, only after final decree, notwithstanding the evidence may have been discovered before such decree.

After the reversal of a suit in equity which is remanded for further proceedings not inconsistent with the opinion, it stands precisely as any suit in equity stands between the submission and the entry of the decree, the court being fully advised in the premises, and the decision announced as to what decree should be entered upon the pleadings and evidence as they then stand. If at that point of time the unsuccessful party asks leave to introduce new evidence omitted by inadvertence, or to file an additional or amended pleading, the court might, in its discretion, in view of the circumstances and in furtherance of substantial justice, grant leave to do so; but it could not be claimed as a matter of right. If, however, the unsuccessful party shows that evidence has been discovered since the submission which is material and not cumulative, and which could not have been sooner discovered in the exercise of reasonable diligence, being such as would entitle the party to a new trial after decree, we know of no good reason why the decree should be first entered before the evidence can be introduced. It follows that if the evidence may be introduced before decree, any amended or additional pleading which may become necessary by reason of the newly discovered facts should be allowed.

Adams County v. The B. & M. R. R. Co.

The appellee contends that the motion to strike the amended replication from the files was properly sustained 2. ——: es- because the affidavits showing newly discovered
toppel: tax-
ation. evidence were not sworn to at the time they were offered. This objection does not appear to have been made in the court below, and the refusal of the court to receive them was, we think, not placed on that ground. The record shows that the plaintiff offered to file affidavits showing the facts in question. The court refused to allow him to file affidavits. Certain statements had been written out and subscribed, which, when sworn to, were to constitute the affidavits; but, as the court denied him the right to file affidavits, the fact that the statements were not sworn to at that time is not material, especially as they were sworn to afterwards, and appear now in the record.

The appellee further contends that the matters set up in the amended replication were already in issue, and were determined and adjudicated.

The defendant's answer and cross-petition set up that the plaintiff was estopped from claiming title to the land as against defendant, because the plaintiff had received from the defendant payment of taxes on the land. This the plaintiff's replication denied.

Under that issue, we do not think the plaintiff could properly have shown that the lands had been wrongly included in the tax list, and that plaintiff had received payment of taxes from defendant on the same by inadvertence and mistake. We think, therefore, the amendment did set up a new fact, which was proper to be shown.

REVERSED.