SEXTON v. HENDERSON ET AL.

1. **Practice:** CHANCERY CASES: AMENDMENTS. Where a case is tried *de novo* in the Supreme Court such trial is final, unless otherwise ordered for special reasons, and amendments to the pleadings are not allowable after the case is remanded to the court below.

*Appeal from Warren Circuit Court.*

SATURDAY, OCTOBER 20.

ACTION in chancery. Upon a trial, on written evidence, the Circuit Court dismissed plaintiff's petition and he appealed to

this court, where the judgment of the court below was reversed. See 45 Iowa, 160. A *procedendo*, in the usual form, was issued in the cause by this court, and the case was put again upon the docket of the Circuit Court. Defendant, after the cause was remanded, amended his answer, setting up a new defense, which plaintiff moved to strike from the files. The motion was overruled, and from this order plaintiff appeals.

*Bryan & Seevers*, for appellant.

*Henderson & Berry*, for appellees.

BECK, J.—Plaintiff acquired a tax title upon lands of the estate of which defendants are the executors. The defendants

1. PRACTICE: chancery cases: amendments.

brought an action to quiet the title thereto in the estate, and a decree was finally entered granting the relief sought. See *Laverty et al. v. Sexton & Son*, 41 Iowa, 435. Thereupon plaintiff brought this action in chancery to recover for taxes, interest and penalties paid in and after the acquisition of his tax title. This cause was tried upon written testimony, and a decree entered dismissing plaintiff's petition, from which he appealed to this court, and herein the decree of the District Court was reversed and the case remanded. 45 Iowa, 160.

Defendants, upon the cause being redocketed, filed an amended answer setting up the statute of limitations as a bar to plaintiff's action. A motion to strike this amended answer from the files was overruled, and thereupon plaintiff appeals. The only point in the case involves the correctness of the court's ruling upon plaintiff's motion.

The case having been tried in the court below upon written testimony, in pursuance of Code, § 2742, upon appeal was tried *de novo* in this court. Such trial having been upon the very merits of the case was final, and there remained nothing for the court below to do, except to enforce, by proper decree, the decision of this court. If the rule were otherwise a defendant in a chancery case could plead one defense at a time and have separate and successive trials thereon in this court. The trial of a chancery case in this court, which was heard in the

court below upon written evidence, being *de novo*, is final and another trial cannot be again had in the court below unless for some special reason it is so ordered. When for matters arising subsequent to the decree, or when on account of the acts of a party pending the proceeding or subsequent to the decree, which could not have been considered in the trial and issues raised thereon, the relief should have been modified, amended pleadings may be filed in the court below upon the cause being remanded. Thus, in *Jones v. Clark & Clark*, 31 Iowa, 497, when property awarded by the decree to one party was appropriated by the other, the pleadings were amended so that the value of such property could be recovered in the suit after it was remanded from this court. It will at once be seen that the rule as to amendments in a cause tried here on error, after it has been remanded to the court below, is not the same as the rule prevailing in chancery cases triable *de novo* in this court. The defendant's amended answer presented a defense that existed when the issues were tried in the court below, and could and ought to have been determined upon that trial. He cannot present it for determination after the final disposition of the case. The answer ought to have been stricken from the files.

REVERSED.