Blough v. Van Hoorebeke.

---

## BLOUGH v. VAN HOOREBEKE.

1. **Practice in the Supreme Court: TRIAL.** A case tried as a chancery case in the court below will be reviewed in the supreme court under the rules and practice applicable to equity causes, regardless of the character of the case, and of the relief sought.

2. **Practice: SETTING ASIDE OF DEFAULT.** The court below may impose the conditions upon which it will set aside a default, and its action therein will not be reviewed unless an abuse of discretion is shown

3. **Practice in the Supreme Court: TRIAL DE NOVO: EVIDENCE.** Upon the trial *de novo* of a case on appeal, questions involving the competency and admissibility of testimony come up as original questions upon the objections made on the trial below, and are not passed upon in review of the decision of the inferior court.

*Appeal from Jefferson District Court.*

TUESDAY, APRIL 2.

ACTION in Chancery. There was a decree in the court below granting the relief prayed for in the plaintiff's petition. Defendant appeals. The facts of the case appear in the opinion.

*Glenn & Kirkpatrick* and *Slagle, Acheson & McCracken,* for appellant.

*Stubbs & Leggett,* for appellee.

Blough v. Van Hoorebeke.

BECK, J.—I. The petition alleges that plaintiff purchased of defendant an imported French Boulonais stallion, for the sum of $1,500, $300 cash, and the balance in deferred payments secured by promissory notes; that defendant represented and warranted the horse to be sound and free from blemish, and in good condition; that the animal proved to be unsound, and wholly unfit for use as a stallion, the purpose for which he was purchased, and which was contemplated by the representations and warranty; and that defendant has in his possession the promissory notes given for the deferred payments upon the purchase of the horse. Various amendments to the petition were filed, which need not be further noticed. The relief claimed is, that the defendant be restrained and enjoined from negotiating the notes, and that they be, by the final decree, cancelled, and judgment rendered for the damages sustained by plaintiff as set out in the petition. Upon the filing of the petition a preliminary injunction was allowed, restraining defendant from transferring the notes. Upon the final hearing a decree was entered cancelling the notes, and a judgment was rendered for $776 and costs against defendants.

At the appearance term, upon agreement of the parties, the cause was, by order of the court, set down for trial upon written testimony, as provided by Code, § 2742, and was so tried.

II. Under the provisions of the Code just cited, the cause upon this appeal must be tried in this court *de novo*. But it 1. PRACTICE in is not so presented that it can be tried in the manthe supreme court: trial. ner required by law. The abstract fails to show that we have before us all the testimony submitted to the court below. It is nowhere so stated in the abstract, and we cannot determine from an examination of its contents that it contains all the testimony in the case.

The statute just cited provides that cases tried as this was in the court below shall be tried here *de novo*. We can try this case in no other way. It is not competent for the appellant to determine that the cause shall be tried here upon

errors. His option cannot give us jurisdiction not bestowed by the statute.

The character of the case, and the relief sought by plaintiff, do not determine the manner of trial in this court. Having been tried as a chancery case in the court below, it will be reviewed here under the rules and practice applicable to equity causes. *Richmond v. The Dubuque & Sioux City R. Co.*, 33 Iowa, 422; *Van Orman v. Merrill*, 27 Iowa, 476.

III. The defendant assigns errors upon the record, some of which involve the merits of the case, and upon these assignments the cause is discussed by his counsel as though it were on trial *de novo*. Other assignments of error relate to preliminary and incidental proceedings, which we will quite briefly consider.

A default was entered, and, upon a showing of defendant, was set aside upon conditions that he should plead issuably, and at once, and pay certain costs within a time prescribed.

2. PRACTICE: setting aside default. The conditions imposed are made the grounds of complaint in the assignment of errors and argument of defendant. The court was clothed with ample authority to impose the terms upon which the default was set aside. Code, § 2871. The exercise of this authority rested upon the sound discretion of the judge, and this court will not interfere therewith unless abuse of that discretion be made to appear. See cases cited in Withrow & Stiles' Digest, p. 390. The record fails to show the absence of the exercise of sound discretion in imposing the terms upon which the default was set aside.

IV. Other assignments of error are based upon the action of the court in overruling objections to testimony and motions to suppress certain depositions, and specified interrogatories in other depositions.

3. PRACTICE in the supreme court: trial de novo: evidence. As we have seen, this case can only be tried here *de novo*. Upon such a trial, questions involving the competency of testimony and the admissibility of depositions come up as original questions upon the objections made in the court below, and upon

their decision the testimony is considered or rejected by us, as the case may be. If the testimony is found to be competent, and the depositions regularly taken, they are admitted notwithstanding the ruling of the court below. No judgment is entered reversing that decision. It then appears that questions of this kind are not passed upon here in review of the decision of the inferior court. It will be understood that we refer to cases like this one before us, where the testimony, which is the subject of controversy, appears in the record. If it should occur that rejected testimony is not permitted to become a part of the record, which under our practice may occur, the ruling in such case would be the subject of review, and, if found erroneous, would demand a reversal of the decision, and the remanding of the cause. But the better, and we apprehend the usual, practice of the *nisi prius* courts is to permit all testimony to which objections are sustained to be made of record, so that, if held admissible here, it may be considered upon the trial in this court.

We have considered all questions involved in this case, and conclude that the judgment of the District Court ought to be

AFFIRMED.