CITY COUNCIL OF MARION V. NATIONAL LOAN AND INVEST-
    MENT COMPANY and J. W. JAMISON, Trustee, Appel-
    lants.

**Practice:** AMENDMENT AFTER REVERSAL.  On the filing of a proce-
dendo and redocketing of a case in the district court after re-
versal on appeal, it is too late to amend alleging matter which
was raised by motion on the former trial and constituting the
ground upon which the reversal was based.

**Taxation:** PAYMENT IN PART: ESTOPPEL.  Payment and acceptance
of that portion of a tax over which there was no dispute, dur-
ing the pendency of litigation over an increased assessment
made by the board of review, will not estop the collection of
the additional tax.

*Appeal from Linn District Court.*— HON. WM. G. THOMP-
SON, Judge.

THURSDAY, MAY 10, 1906.

THE opinion states the case.  The defendants appeal.
— *Affirmed.*

*Jamison & Smyth,* for appellants.

*F. L. Anderson,* for appellee.

SHERWIN, J.— This is the second appeal in this case.
The opinion on the first appeal is reported in 122 Iowa,
629, where the facts are fully set forth.  Upon the filing
of a *procedendo,* the case was redocketed in the district court,
and the defendants amended their pleading by alleging that
on the original trial in the district court the plaintiffs con-
ceded that the petitioners appeared before the board of re-
view and made written and oral complaint of its action in
raising the assessment, but that, through inadvertence or mis-

take, such concession was not made a part of the record in the case. The amendment further averred that, after judgment in the district court, the petitioners, defendants herein, caused to be certified to the treasurer of Linn county the record of the district court annulling the action of the board of review in raising their assessment, and that thereupon they paid to said treasurer the tax levied and assessed against their said property. A motion to strike the amendment was sustained, and a decree was entered vacating the former decree and dismissing the defendants' appeal from the action of the board of review. It is a fundamental rule of procedure that a party may not try his case in sections.

When the appeal was first before the district court, a motion was made to dismiss the appeal because it was not made to appear that it was based upon any complaint made

1. PRACTICE: amendment after reversal.

before the board of review, and, while this motion was overruled, it advised the appellants of the position that was and would be taken by the board of review; and it was then the appellants' duty to meet the objection and to see that the record correctly recited the facts. Again, when the city presented its original argument on the first appeal to this court, the same point was insisted upon, and the case was reversed because it appeared that no complaint had in fact been made to the board. Furthermore, there was a verified denial that any concession of the kind was made. The case was tried here *de novo,* and was decided on the very point that the present appellants now seek to have reinvestigated. It was an issue in the case from its inception until final disposition in this court, and it is now too late to amend in the manner attempted. *Sexton v. Henderson,* 47 Iowa, 131. The cases cited and relied on by the appellants do not hold contrary to this view.

Nor is there merit in the appellants' contention that a payment and acceptance of the tax estops the plaintiffs from collecting the additional tax. The tax that was paid was the amount due under the assessment made by the assessor

and to which the appellants never objected. There was no
question as to the appellants' liability therefor,
and they voluntarily, and without action on the
part of the city, paid the same. The former
appeal had nothing to do with that assessment, and, no mat-
ter what the final judgment, that sum was due. The case
is therefore ruled by *Dudman v. Earl,* 49 Iowa, 37, and *Up-
ton Mfg. Co. v. Huiske,* 69 Iowa, 558.

*2. TAXATION: payment in part: estoppel.*

The court was right in striking the appellants' amend-
ment, and the judgment is *affirmed.*