FRANK E. SHETLER, Adm'r., etc., Appellant, v. ADDIE STEWART, ET AL., Appellees, and FRANK E. SHETLER, Admr., etc., Appellant, v. SAMANTHA S. C. WEBER, ET AL., Appellees.

**Evidence:** TRANSACTIONS WITH ONE SINCE DECEASED. A witness is
1 disqualified by code section 4604, only as to matters of fact coming to his knowledge through dealings or communications made by the deceased to the witness in person. In the instant case evidence in relation to the custody of the private papers of deceased is held competent.

**Deeds:** DELIVERY: PRESUMPTION. As a general rule delivery is es-
2 sential to the validity of a deed; and where a deed is found among the private papers of the grantor after his death the law presumes that no delivery has been made.

**Appeal:** TRIAL DE NOVO: REVERSAL AND REMAND. Although an action
3 to quiet title is triable de novo, on appeal, yet where one of the parties relied entirely on evidence which was taken subject to objections and at the close of the trial it was stricken out, upon a reversal of the ruling on appeal the cause should be remanded with leave to both parties to introduce further evidence.

*Appeals from Marshall District Court.*— HON. G. W. BURNHAM, Judge.

THURSDAY, MAY 10, 1906.

SUPPLEMENTAL OPINION, THURSDAY, FEBRUARY 14, 1907.

ACTIONS in equity to quiet title to real estate. As originally brought these actions were in the name of James K. P. Shetler as plaintiff. Before trial, his death was suggested, and the present plaintiff, administrator of his estate, was substituted. The actions were tried separately in the court below, but, as each involved substantially the same fact conditions and issues, they have been submitted together in this court, and may be disposed of in one opinion. In each case at the close of the evidence for plaintiff on motion of defendants there was a decree dismissing the petition and for costs as against plaintiff. Plaintiff appeals.— *Reversed.*

*Volney Kent,* for appellant.

*Theo. F. Bradford* and *Cummings & Mote,* for appellees.

BISHOP, J.— From the allegations made in the several petitions, and the admissions, contained in the answers filed thereto, it appears that George Shetler, a resident of Marshalltown, died on March 26, 1901, intestate. He left surviving him, as his only heirs at law two sons, James K. P. Shetler and George H. Shetler; one daughter, Samantha S. C. Weber; and one granddaughter, Addie Stewart, the only surviving child of Electa J. Hazen, a daughter of said George Shetler and deceased at and prior to his death. At the time of the death of said George Shetler the title to the several tracts of land involved in these actions stood in his name upon the records of Marshall county. After the death of said George Shetler, and under circumstances hereinafter detailed, there was found a deed which had been formally executed and acknowledged by him as of date April 11, 1892, and by the terms of which the real

estate involved in the first of the above-entitled actions was conveyed to Electa Jane Hazen. Such deed was taken possession of by the defendant Addie Stewart, as the sole surviving heir of her mother, named therein as grantee, and placed of record. At the same time there was found a deed, formally executed and acknowledged, as of date January 1, 1898, by the terms of which the real estate involved in the second of the above entitled actions was conveyed to Samantha S. C. Weber. Such deed was taken possession of by Mrs. Weber and placed of record. Subsequently, and before the commencement of this action, she conveyed to her daughter and co-defendant Bessie Weber. The contention of plaintiff, as to each of said deeds, is that while executed by George Shetler, the same never became effectual by a delivery accomplished during his lifetime. Accordingly it is insisted by plaintiff that the ownership of an undivided one-fourth interest in the respective properties became vested in his decedent at once upon the death of George Shetler. In the several answers the fact of delivery is asserted.

I. George H. Shetler was made a party defendant to each of the actions, but did not appear in any way thereto. On the respective trials he was called as a witness by plaintiff, and, over the objection of the answering defendants, was allowed to testify that for twenty-four years he and his father had occupied the same storeroom and office for business purposes; that in the office was a safe owned by the witness, but in which was a lock drawer used solely by his father for keeping private papers; that prior to the death of his father, he, the witness, was ignorant as to the contents of such drawer. Further, the witness testified that on the morning after his father's funeral a house servant brought to the store and gave into his charge a bunch of keys that had belonged to his father; that shortly thereafter his sister Mrs. Weber, with her daughter Bessie, came to the store and that he then in their presence unlocked the private drawer in the safe and

1. EVIDENCE: transactions with one since deceased.

found therein the deeds to Mrs. Hazen and Mrs. Weber for the properties in controversy, both of which deeds Mrs. Weber took away with her. The witness denied having any previous knowledge of the existence of such deeds.

The objection to the competency of the witness and his evidence was based on Code, section 4604. That section provides that no party to an action, or person interested in the event thereof, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such action deceased, against the heir at law, next of kin, assignee, etc., of such deceased person. Conceding, as we may, for the purpose of these cases that the provisions of the statute are broad enough to include within its favor the grantees of a deceased person, still, we think, the testimony as here offered and introduced by plaintiff did not fall within the prohibition of the statute. It was not of, or concerning, any personal transaction or communication that this witness was interrogated. Nor was any such subject-matter included in the testimony given by him. The rule of the statute does not operate to close the mouth of a witness as to any matter of fact coming to his knowledge in any other way than through personal dealings with the deceased person, or communications made by the deceased to the witness in person. This is not only the language of the statute, but it is the thought of the cases. " The theory of the law is to close the mouth of the living person as to a matter in which he had a part." Here the witness not only took no part in the preparation and execution of the deeds, but he was ignorant of their existence until after his father's death. *Mc-Elhenney v. Hendricks,* 82 Iowa, 657; *Erusha v. Tomash,* 98 Iowa, 510; *Gable v. Hainer,* 83 Iowa, 457; *Sankey v. Cook,* 82 Iowa, 125. We conclude that the testimony was properly brought into the record, and should be considered in disposing of the cases.

II. The testimony of George H. Shetler, the substance

of which we have already stated, stands alone as to the fact of finding the deeds, and respecting the time and manner of their coming into the possession of the defendants. Whatever may be said where the rights or interests of minor children, or persons of unsound mind, are involved, it is the undoubted rule of the cases, generally speaking, that the delivery of a deed to the grantee named or to some person for him is essential to the validity thereof. Without delivery there is no deed. Now the proof in these cases goes no farther than to show the execution of deeds which were found among the private papers of the grantor after his death. Under such circumtances the law presumes that no delivery had ever been made. *Hutton v. Smith,* 88 Iowa, 238; *Miller v. Murfield,* 79 Iowa, 64; *Furnes v. Eide,* 109 Iowa, 511. In this state of the record we reach the conclusion that the deeds became as so much waste paper upon the happening of the death of the grantor, and defendants by securing possession thereof acquired no rights or title. The record shows that the conveyance from Mrs. Weber to her daughter Bessie was for the nominal consideration of $1, and as the latter was fully advised as to all facts respecting title, she can have no higher rights than was possessed by her mother. Motions were filed in this court in each case by appellees attacking the sufficiency of the record as presented by appellant. We find therein no merit, and they are overruled.

It follows, from what we have said, that in each case there should have been a decree in favor of plaintiff, and hence a reversal is called for on both appeals.— *Reversed.*

Supplemental opinion on rehearing.

BISHOP, J.— The petition for rehearing is on behalf of the defendants and appellees. The law of the main opinion is not challenged, but it is asked that in view of the circumstances of the cases as shown by the record that such opinion

be so far modified as to provide for a remand therefor to

3. APPEAL: trial *de novo:* reversal and remand.

the court below for hearing and trial upon merits.   We have gone over the record again and reach the conclusion that the request should be granted.   As will appear from the original opinion, plaintiff depended solely upon the testimony of George H. Shetler to prove the facts respecting the deeds, and the circumstances of the taking possession thereof by defendants. Such testimony was received subject to the statutory ground of objection, and the motion of defendants at the close of the evidence for plaintiff was put on the ground that no competent evidence tending to prove the allegations of the several petitions was before the court.   The motion was held to be good, and the judgment was thereupon entered dismissing such petition.   Now, if no further investigation into the merits of the controversy were allowable, the effect of the reversal in this court would be to leave plaintiff with a *prima facie* case made out, while the defendants would be debarred from bringing forward the matters of defense pleaded by them.   Such a result we think ought not to obtain.   True, as the cases were in equity and therefore triable *de novo* in this court, defendants might have gone on, and in face of the ruling in their favor introduced their evidence.   But their failure to do so is not wholly inexcusable under the circumstances.   We think the cases should be remanded for further hearing and trial, either party to have the right to bring into the record such further evidence as they may be advised is material and competent.   That this is proper practice, see *Adams Co. v. Railway,* 44 Iowa, 335 ; *White v. Farlie,* 67 Iowa, 628.

Accordingly, the order is that the several judgments be reversed, and the causes remanded for further hearing and trial not inconsistent with our opinion and according to law.   *Reversed* and *remanded.*