Globe National Fire Insurance Company, Appellee, v. American Bonding & Casualty Company, Appellee; Southern Surety Company et al., Appellants.

W. F. Grandy, Receiver, Appellee, v. Iowa Bonding & Casualty Company et al., Appellants.

**APPEAL AND ERROR: Affirmance in Equity—Remand, Scope of.** Upon the affirmance by the appellate court of a judgment against the defendant in an equitable action, a remand of the cause for the purpose of adjusting specified equities which have arisen *since* the entry of judgment in the trial court is no authority for reopening the cause in the trial court for the adjustment of equities existing *prior* to the entry of judgment in the trial court.   (See Book of Anno., Vol. 1, Sec. 12871, Anno. 181 *et seq.*)

**Headnote 1:** 4 C. J. p. 1224.

*Appeal from Woodbury District Court.*—C. C. Hamilton, Judge.

October 27, 1925.

The court below, on motion, struck out portions of amendments to answers of the defendants filed in the court below after affirmance in this court of the judgments against the defendants.   From this ruling the defendants appeal.—*Affirmed*.

*Kindig, McGill, Stewart & Hatfield, Miller, Kelly, Shuttleworth & McManus,* and *W. M. McLaughlin,* for appellants.

*Burgess & Gill,* for Globe National Fire Ins. Co., appellee.

*Kass Bros.,* for American Bonding & Cas. Co., appellee.

Vermilion, J.—These cases have heretofore been in this

court on appeal by the reinsurers, defendants, the present appellants, from the judgments against them. The facts are fully stated in the opinion to be found in 198 Iowa 1072, and there is no occasion to here repeat them. That appeal resulted in the affirmance of the judgments. Our attention having been called, in a petition for a rehearing, to certain claims of the appellants relating to matters arising subsequent to the trial below, and therefore not passed upon in the original opinion, a supplemental opinion was filed, which we quote as follows:

"It is claimed by appellants in their petition for rehearing that the Globe National Fire Insurance Company, plaintiff, in addition to the policies in controversy, held an additional policy in the Fidelity & Deposit Company of Maryland; that certain dividends have been paid by the receiver of the insolvent bank; and that the various policies contained provisions for the prorating of the loss sustained, which requires further hearing by the court. For the purpose of avoiding any uncertainty in the court below, we desire to say that the opinion filed herein should not be construed as finally adjudicating the above matters, but that same are left open for the further hearing and adjustment by the court in which the receivership is pending and the judgment was entered, in harmony with the law as announced in the opinion of this court. Subject only to the right of the court below to hear, determine, and adjust the above matters according to the law and the facts, the opinion heretofore filed is adhered to. and the petition for rehearing overruled."

After the issuance of a procedendo from this court, the defendants Southern Surety Company, National Surety Company, and Iowa Bonding & Casualty Company filed in the court below separate amendments to their answers, in which they pleaded, among other matters not in issue on this appeal, certain alleged counterclaims or offsets which the defendant corporations claimed to have against the original insurer, the American Bonding & Casualty Company, and asked that the several amounts thereof be offset against the sums found to be due from the several defendants so pleading to the Globe National Fire Insurance Company. Motions of the plaintiff, Globe National Fire Insurance Company, and the American Bonding & Casualty Company and its receiver to strike these allegations were sus-

tained; and it is to review this order that the present appeal is taken.

I. The cases were tried on the merits, and the original judgments rendered on the issues then tendered. On appeal, which was triable *de novo,* the judgments were affirmed, subject only to the right of the court below to hear, determine, and adjust the claims that the Globe National Fire Insurance Company had an additional policy covering its deposit in the bank, and that settlement had been made of the liability of the insurer thereunder, and that the loss should be prorated among the various policies, and that the receiver of the insolvent bank had paid certain dividends which would reduce the loss to be paid by the insurers. These were matters arising after the judgment in the court below.

·This was the extent of the right of the lower court, under the supplemental opinion on the former appeal, to reopen the case, and the judgments were affirmed in the amounts for which they were rendered, save as the lower court might find these amounts to be properly reducible on account of a reduction of the amount of the loss by subsequent dividends paid by the receiver of the bank, or the settlement of a part of the loss by another insurer with whom it was claimed a right to prorate existed.

The matter stricken from the amendments filed by appellants after the return of the case to the court below related, not to these claims, but to claims in existence prior to the judgment. It is apparent, therefore, that the supplemental opinion on the former appeal affords no basis for the reopening of the case to hear and adjudicate the claims so pleaded.. *Adams County v. B. & M. R. Co.,* 55 Iowa 94.

II. It is well settled that the trial of a chancery case in this court, being *de novo,* is final, and another trial cannot be had in the court below, unless for some special reason it is so ordered. *Reed v. Howe,* 44 Iowa 300; *Sexton v. Henderson,* 47 Iowa 131; *Allen v. City of Davenport,* 115 Iowa 20; *City Council v. National Loan & Inv. Co.,* 130 Iowa 511; *Kossuth County St. Bank v. Richardson,* 141 Iowa 738; *McNiel v. District Court,* 174 Iowa 417.

In the cited cases, the judgment below had been reversed,

and in some of them the case was remanded for decree. It has been said that in such a situation the case stands as any suit in equity between the submission and the entry of the decree. *Adams County v. B. & M. R. Co.*, 44 Iowa 335. But where the judgment below is affirmed, even that situation does not exist, and the lower court has nothing to do save with respect to matters especially reserved or referred for its determination. The claims so stricken were not among those so reserved upon the affirmance of the judgment and especially referred to the lower court for adjudication, if available at all to appellants as offsets or counterclaims as against the Globe Fire Insurance Company. The court below was not in error in striking the portions of the amendments so pleading such alleged offsets or counterclaims.

Whether appellants have, on the facts pleaded, any claims that they can hereafter enforce against the Globe Fire Insurance Company in an independent action, we do not determine.

The order appealed from is—*Affirmed*.

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.