EDWARD MATTHEWS, Appellant, v. O. E. QUAINTANCE et al., Appellees.

**APPEAL AND ERROR:** Review—Scope and Extent—Dismissal of Equitable Action on Plaintiff's Testimony—Effect. A defendant in an equitable action who, at the close of plaintiff's testimony, successfully moves for a dismissal, and who suffers a reversal, on trial *de novo* on appeal, may not, after general remand, resume the trial in the lower court and attempt to establish his defenses, on the sole claim that, when he made the motion to dismiss, he had not rested his case.

Headnote 1: 4 C. J. p. 1227.

*Appeal from Mahaska District Court.*—CHARLES A. DEWEY, Judge.

OCTOBER 18, 1927.

Action to recover for labor and material furnished defendants Quaintance, and to establish and foreclose mechanic's lien. The case was here on a former appeal, reported in *Matthews v. Quaintance,* 200 Iowa 736, the record in which the plaintiff makes a part of his abstract on this appeal. On procedendo, the plaintiff moved for decree in conformity with the opinion of this court. Defendants Quaintance filed amendment to substituted answer, and also motion to open the case and hear evidence in their behalf. Plaintiff's motion was denied, and the Quaintances' motion sustained. Plaintiff appeals.— *Reversed.*

*Edward A. Schmidt* and *James G. Patterson*, for appellant.

*I. C. Johnson* and *John E. Lake*, for appellees.

MORLING, J.—This is a suit in equity. At the trial from the result of which the former appeal was taken, plaintiff offered evidence; but when he rested, defendants offered no evidence upon the merits of plaintiff's allegations. Their evidence was confined to a special defense of *res adjudicata*. After offering such evidence, they made motion to dismiss, which the trial court sustained. The case in this court was therefore triable, and was tried, *de novo*.

In the opinion it is said that the property in controversy was conveyed to both Quaintances; that plaintiff "seeks judgment against Quaintance and his wife for $1,543.47, and asks that said judgment be established as a prior and superior lien * * * Evidence was then introduced on the part of the plaintiff, tending to show that the work done and material furnished were the basis of his mechanic's lien. At this point the plaintiff rests. The defendants then introduced the record * * * in the original foreclosure case * * * Whereupon, Quaintance moved the court to dismiss the plaintiff's petition, for the reason that the matters involved therein had been entirely adjudicated * * * and for the further reason that this action was improvidently brought * * * The foregoing disposes of all rights of all the contending parties herein except the Quaintances. Briefly summarized, their situation in this case is this: While they deny that the contract between them and Matthews for the cement work was as he pleaded, they concede that the work was done, and claim that, after its completion, a dispute arose as to whether the work was in accordance with the contract, and that, to adjust the dispute, they executed the two notes amounting to $1,100, to which reference is hereinbefore made. These notes were not signed by Mrs. Quaintance. Following that, Matthews filed his mechanic's lien. The form thereof is not questioned, and the Quaintances first plead that the same was not filed, and that an action to foreclose the same was not brought within the statutory time. A comparison of dates, however, eliminates this question from the case. * * * In the case at bar, as between Matthews and the Quaintances, no issue was

522 MATTHEWS v. QUAINTANCE. [204 Iowa

adjudicated in the final decree in that foreclosure case. In the case at bar, as between Matthews and the Quaintances, it is the ordinary action to foreclose a mechanic's lien. The Quaintances deny the contract on which Matthews based his lien, deny that the work was done in a workmanlike manner, and attempt to plead an accord and satisfaction by the execution of the aforesaid promissory notes for $1,100 and claim that Matthews is not entitled to a foreclosure of the mechanic's lien. Plaintiff introduced testimony tending to support the correctness of his contract and the validity of his lien. The Quaintances introduced no testimony. With this situation in the case, we are unable to understand why the Quaintances were entitled to a dismissal of plaintiff's case against them. * * * It must follow, therefore, that the ruling of the court on this matter, as between the Quaintances and Matthews, dismissing Matthews' petition, was erroneous, and is reversed.''

As has been stated, the Quaintances together owned the property. There was no attack upon the sufficiency of the plaintiff's allegations to entitle him to a recovery against both. In *Globe National Fire Ins. Co. v. American B. & C. Co.*, 200 Iowa 847, 849, it is said:

''It is well settled that the trial of a chancery case in this court, being *de novo*, is final, and another trial cannot be had in the court below, unless for some special reason it is so ordered. *Reed v. Howe*, 44 Iowa 300; *Sexton v. Henderson*, 47 Iowa 131; *Allen v. City of Davenport*, 115 Iowa 20; *City Council v. National Loan & Inv. Co.*, 130 Iowa 511; *Kossuth County St. Bank v. Richardson*, 141 Iowa 738; *McNiel v. District Court*, 174 Iowa 417.''

In *Dolan v. Newberry*, 200 Iowa 511, 518, it is said:

''This result affords an illustration of the hazard incurred in moving for judgment at the close of a plaintiff's case in an action triable *de novo* on appeal. The appellees, by so doing, rested their rights upon the evidence of their adversary, and lost the only opportunity available to them to prove affirmatively any defense they might have had; and we are required to determine the merits of the case *de novo* upon the record so made. *Brewster v. Brewster*, 194 Iowa 803.''

In *Brewster v. Brewster*, 194 Iowa 803, 804, it is said:

''Contrary to the ordinary and usual procedure in a case

of this character, the trial court, upon the conclusion of plaintiff's evidence, sustained the defendant's motion to dismiss plaintiff's cause of action. The record therefore contains no testimony on behalf of the defendant, and the question presented is whether the evidence introduced sustains the allegations of the petition. This cause is triable *de novo* in this court, and it cannot be tried in any other manner. *Blough v. Van Hoorebeke,* 48 Iowa 40. * * * We are not privileged to know anything concerning the explanation by the defendant or his witnesses or the facts and circumstances surrounding the execution of the deed, from his viewpoint, by reason of the motion made by him at the close of plaintiff's testimony. We are not in a position to speculate what the defendant's evidence might tend to prove. The decision and the judgment entered must be predicated upon the plaintiff's showing, and the defendant, under the well established rule of equity, is now foreclosed. *Shetler v. Stewart,* 133 Iowa 320, is not controlling on this point of practice. Defendant had his day in court, and was satisfied to rest his case on the plaintiff's showing.''

In *Kossuth County St. Bank v. Richardson,* 132 Iowa 370, petition for rehearing was '' 'overruled without prejudice to the right of the appellee to make application in the district court for permission to introduce further evidence.' '' In *Kossuth County St. Bank v. Richardson,* 141 Iowa 738, 740, in accordance with this reservation, motion to reopen the case and for leave to introduce additional testimony, supported by affidavit showing misapprehension on the first submission, had been sustained. It was held that the opening of the case and receiving further evidence did not constitute an abuse of discretion. In *Shetler v. Stewart,* 133 Iowa 320, application was made in this court, on petition for rehearing, for a remand for trial, and granted. See, also, *Hogle v. Smith,* 136 Iowa 32; *Allen v. City of Davenport,* 115 Iowa 20; *Bridges v. Sams,* 202 Iowa 310.

In *Adams County v. B. & M. R. Co.,* 44 Iowa 335, 338, after reversal in a suit in equity, the unsuccessful party filed an amended pleading, with a showing that the matter therein set up was unknown to him at the time of the former trial. In substance, a case of newly discovered evidence was made, and it was said with respect to that case:

''After the reversal of a suit in equity which is remanded

for further proceedings not inconsistent with the opinion, it stands precisely as any suit in equity stands between the submission and the entry of the decree, the court being fully advised in the premises, and the decision announced as to what decree should be entered upon the pleadings and evidence as they then stand. If, at that point of time, the unsuccessful party asks leave to introduce new evidence omitted by inadvertence, or to file an additional or amended pleading, the court might, in its discretion, in view of the circumstances and in furtherance of substantial justice, grant leave to do so; but it could not be claimed as a matter of right. If, however, the unsuccessful party shows that evidence has been discovered since the submission which is material, and not cumulative, and which could not have been sooner discovered, in the exercise of reasonable diligence, being such as would entitle the party to a new trial after decree, we know of no good reason why the decree should be first entered before the evidence can be introduced. It follows that, if the evidence may be introduced before decree, any amended or additional pleading which may become necessary by reason of the newly discovered facts should be allowed."

In *Sexton v. Henderson,* 47 Iowa 131, 132, it is said:

"The case having been tried in the court below upon written testimony, in pursuance of Code Section 2742, upon appeal was tried *de novo* in this court. Such trial, having been upon the very merits of the case, was final, and there remained nothing for the court below to do, except to enforce, by proper decree, the decision of this court. If the rule were otherwise, a defendant in a chancery case could plead one defense at a time, and have separate and successive trials thereon in this court. The trial of a chancery case in this court, which was heard in the court below upon written evidence, being *de novo,* is final, and another trial cannot be again had in the court below, unless for some special reason it is so ordered. When, for matters arising subsequent to the decree, or when, on account of the acts of a party pending the proceeding or subsequent to the decree, which could not have been considered in the trial and issues raised thereon, the relief should have been modified, amended pleadings may be filed in the court below upon the cause, being remanded. Thus, in *Jones v. Clark & Clark,* 31 Iowa 497, when property awarded by the decree to one party was appropriated

by the other, the pleadings were amended so that the value of such property could be recovered in the suit after it was remanded from this court. It will at once be seen that the rule as to amendments in a cause tried here on error, after it has been remanded to the court below, is not the same as the rule prevailing in chancery cases triable *de novo* in this court. The defendant's amended answer presented a defense that existed when the issues were tried in the court below, and could and ought to have been determined upon that trial. He cannot present it for determination after the final disposition of the case. The answer ought to have been stricken from the files.''

In the case now before us, the Quaintances, in their substituted answer filed before the trial, in substance denied performance in accordance with the terms of the contract, and averred that the material and labor were worthless. In the amendment filed after procedendo, they merely set out some details of alleged worthlessness, and that plaintiff changed ''the written part of the contract without the consent of the defendant O. E. Quaintance, who was the contracting party thereto.'' The motion to reopen the case shows no mistake, surprise, newly discovered evidence or facts, or new matter arising since the first trial, and is unsupported by affidavits or other form of evidence showing any condition unknown to the Quaintances when the case was first tried. The trial court, in his ruling now under review, said:

''That the Supreme Court could, and probably should, have passed upon the issues between the plaintiff and defendants Quaintance as a trial *de novo,* is probably correct. * * * Their only finding on the facts is that there is some evidence tending to support plaintiff's claim; but whether this would warrant a finding is not stated on any amount suggested, nor is the action referred to the district court to so determine. The holding of the Supreme Court is that the issue between these parties should not have been dismissed and the case rendered under the directions in procedendo. The situation is quite different from the cases cited, where rulings were had on the evidence by the Supreme Court resubmitted to the district court for further findings or for decree.''

The Quaintances in their argument here say:

''It will be observed from the calendar entry and the judg-

ment thereon that plaintiff presented his evidence and rested; that Mahaska County State Bank presented some evidence; but that neither it nor O. E. Quaintance rested. In other words, upon the original presentation of the matter, the appellees made a motion which, if it had prevailed as to the appellees, would have resulted in the plaintiff, having no case, regardless of his evidence. The motion was not made based upon any evidence introduced. * * * Had the trial court, upon the original hearing, sustained the motion as made by the appellee O. E. Quaintance as to Mahaska County State Bank, and overruled it as to O. E. Quaintance and Mary A. Quaintance, the appellees here could have introduced evidence * * * As to Mary A. Quaintance, the only judgment that could have been entered by the trial court on the original hearing would have been a judgment cutting off her distributive share in the real estate involved in the action * * * In any event, Mary A. Quaintance was not a party to the note nor to the contract, and the evidence of the appellee obviously shows this to be a fact; and your honors in your opinion on the original appeal so held. * * * The situation boiled down is simply this: Appellant brought an action, introduced evidence to support it. The defendants to that action made a motion, at the close of the appellant's case, and after he had rested, seeking the dismissal of the action, by reason of conditions which it was claimed were a bar to appellant's action; but no evidence was introduced by any of the defendants, who are appellees here, and none of the defendants rested their case, and the evidence in the case was not closed. * * * the appellees seek to introduce evidence in support of their pleadings and the conditions which they make in their defense * * * The appellees do not take the position that their right to be heard is by reason of any omission by inadvertence, but solely upon the record as made, and the fact that they did not rest their case, and in furtherance of substantial justice.''

If, upon the evidence as presented to this court on the former appeal, the plaintiff was not entitled to a personal recovery against one or both of the Quaintances, or was not entitled to a foreclosure against one or both, the one or both as to whom such a case was not made out would have been entitled to, and would have had, a modification or affirmance. The reversal without modification was, on the case as presented, an adjudica-

tion that the plaintiff was entitled to a personal judgment and foreclosure against both Quaintances. For error or uncertainty in the opinion of this court, or for mistake or surprise in original submission to the trial court, rendering it equitable that the party defeated here should have permission to amend or introduce further proof, he has his remedy by petition for rehearing. For newly discovered evidence (*Guth v. Bell,* 153 Iowa 511), or other grounds for granting a new trial, provided by Chapter 552, Code of 1924, and for matters occurring or facts coming to the attention of the party after the trial, which may properly be brought to the attention of the court by supplemental pleading, he has (the necessary conditions existing) his remedy in the trial court. But for his improvident determination to speculate on the result of the case as he voluntarily submits it to the court, or for his mere neglect to fully try his case, the law gives him no remedy. The Quaintances on the original submission presented their case, and rested. They had no right to try their case piecemeal, and were not entitled on remand to be heard to say that they had only partially tried their case, and were entitled to conclude it. No ground for reopening the submission after remand is shown. No right to be heard further was reserved to them by the opinion in this court, and no grounds for setting aside the submission and introducing other evidence or for new trial were shown to the lower court. The orders appealed from are reversed, with directions to the trial court to enter against both Quaintances personal judgment for $1,543.47 and interest, the amount due on the contract to furnish material and labor, and decree establishing and foreclosing mechanic's lien.—*Reversed.*

EVANS, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.

WAGNER, J., not participating.