ANGELINE VOGT, Appellant, v. GEORGE VOGT, Appellee.

No. 39883.

OCTOBER 22, 1929.

*Harvey H. Hindt,* for appellant.

*Fisher & Riter,* for appellee.

GRIMM, J.—It appears that the plaintiff and defendant were married in March, 1918, at Sibley, Iowa. Afterwards, they took up their residence in Lyon County. The substance of the petition is that, after the 1st day of September, 1927, the defendant abused the plaintiff, in that he carried a revolver, which was loaded, and at times he left the revolver loaded in the house; that he abused the plaintiff by actually attempting to do bodily damage to other persons, in the presence of the plaintiff, and to the plaintiff, by using threatening and abusive language, which abuse and treatment persisted at intervals since about the 1st of September, 1927; that the defendant failed to provide food, clothing, and a place to live for the plaintiff and her family; that the plaintiff has been in fear of physical violence to herself and the children; that, during the fall of 1927, the defendant was found guilty of misdemeanor in Lyon County; that "the said cruel and inhuman treatment of this plaintiff, including the failure to support, was wholly without cause, and was such as to endanger the life of this plaintiff." The answer, among other things, contains a general denial, and an extended declaration of the financial hardships which surrounded the defendant in his occupation as a farmer, and after the loss of his farm, and alleges that he continued at various and different occupations, endeavoring to earn everything he could; that he turned over and surrendered the wages so earned for the support of the plaintiff and their children.

It appears that the defendant is 39 years of age. At the time of the trial, in September, 1928, the two minor children were 9 and 10 years of age. The plaintiff has been living at intervals with her relatives. The plaintiff testified in reference to an incident in November, 1927, when two officers came to the home, for the purpose of removing the family from the house. It appears that the defendant on that occasion seized a revolver, and said, "Come on, you can't throw me out like that;" that,

in conversation with his wife about the incident, he said, "I will kill those sons of bitches." Plaintiff testified that she grabbed his hand, to prevent him from shooting, and that he threw her against the hot stove, and said: "Don't you ever touch me again, or come near me, or I will kill you." Plaintiff also testified that, in May, 1927, when she asked him for money, he said: "Don't bother me all the time, you God-darn fools. I will kill you sometime yet." It is claimed that he called the children "God-darn fools." These difficulties occurred during the year 1927. The corroborating testimony consists of the evidence of the two officers hereinbefore referred to and the testimony of the child John Vogt, nine years of age, and a witness Christians, the materiality of whose testimony does not appear.

At the close of the plaintiff's evidence, the defendant moved for a dismissal of the plaintiff's petition, on the grounds that the evidence was wholly insufficient to warrant the court in granting the relief prayed for in the petition. This motion was overruled. Whereupon the defendant elected to rest, and renewed the motion, and it was sustained.

In *Bridges v. Sams*, 202 Iowa 310, we declared, concerning a motion to dismiss in an equity action:

"The motion to dismiss and for judgment is without statutory recognition, and was of no greater significance than an announcement on the part of the appellees that they rested their case at the close of plaintiffs' testimony."

See, also, *Brewster v. Brewster*, 194 Iowa 803; *Dolan v. Newberry*, 200 Iowa 511; *Matthews v. Quaintance*, 204 Iowa 520; *Murphy v. Hahn*, 208 Iowa 698.

The record is very brief. We have substantially set forth the most important evidence. To further quote from the record would serve no useful purpose.

In our opinion, the evidence fails to support the plaintiff's charges to the extent that she is entitled to a divorce. While the defendant has, on occasions, used unbecoming language and some threats, the record, on the whole, does not satisfy us that the plaintiff lives in fear of the defendant, or that his treatment of her has been such "as to endanger the life" of the plaintiff.

It also appears from the record that the defendant has not very abundantly provided for the plaintiff and the children since he lost the farm, but it clearly appears that the defendant has been endeavoring to obtain work, and when he has been able to work, he has turned over at least a substantial part of his earnings for the support of his family. The following is taken from the cross-examination of the plaintiff:

"Q. But the reason you went away in May, this last May, was because he wasn't supporting you? A. No, he wasn't. Q. And that is the reason you went away? A. Yes. Q. And that is the only reason, wasn't it? A. Yes, it was. Q. If he had gone ahead at that time from April 16 to May 21 and supplied you with food and clothing, you would have stayed there? A. Yes, sure I would."

We agree with the finding of the district court, and the case is,—*Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.