EDWARD M. ALLISON V. FIDELITY MUTUAL FIRE INSURANCE
COMPANY, APPELLEE; ROBERT B. HOWELL, RECEIVER,
APPELLANT.

FILED APRIL 23, 1908. No. 15,501.

1. Insurance: MUTUAL COMPANIES: REINSURANCE. Mutual fire insur-
ance companies organized under the provisions of chapter 45,
laws 1897, are not authorized to transact a reinsurance business.

2. ———: REINSURANCE: ASSESSMENTS. A contract of reinsurance
made by a mutual insurance company organized under the pro-
visions of chapter 45, laws 1897, is *ultra vires*, and assessments
cannot be collected on account of such policy.

3. ———: ———: ULTRA VIRES CONTRACTS: ESTOPPEL. In an ac-
tion by one insurance company against another, both of which
were organized under the provisions of chapter 45, laws 1897,
to recover assessments on policies of reinsurance, the reinsured
company is not estopped from pleading the defense of *ultra vires*.

APPEAL from the district court for Douglas county:
HOWARD KENNEDY, JUDGE. *Affirmed.*

*Isaac E. Congdon,* for appellant.

*Baldrige & De Bord, contra.*

GOOD, C.

The Merchants & Manufacturers Mutual Fire Insurance
Company and the Fidelity Mutual Fire Insurance Com-
pany were each mutual fire insurance companies organ-
ized under chapter 45, laws 1897, entitled "An act to
authorize the organization of mutual insurance companies
to insure city and village property against loss by fire,
lightning, tornado, cyclone, or windstorm, and to regulate
their conduct." Ann. St. 1907, secs. 6544-6563. Both com-
panies failed and passed into the hands of receivers in ac-
tions instituted in the district court for Douglas county.
In the case of *Wells v. Merchants & Manufacturers Mu-
tual Fire Ins. Co.,* Howell was appointed as receiver of

that company, and, in the case of *Allison v. Fidelity Mutual Fire Ins. Co.*, Leigh was appointed receiver of the last mentioned company. Howell, as receiver of the Merchants company, filed in the *Allison* case a claim against the Fidelity company for assessments levied against the Fidelity company by the Merchants company and by the district court; the former assessments being made before the company passed into the hands of the receiver, and the latter being ordered by the court in the receivership proceedings. The Merchants company had issued to the Fidelity company a large number of policies, whereby it undertook to reinsure the Fidelity company on a number of risks written by it. The assessments which formed the basis of the claim were on these reinsurance policies. On the trial to the district court, judgment was rendered in favor of the defendant, the Fidelity company, and Howell, as receiver of the Merchants company, has appealed.

The district court held against the claim of the plaintiff upon the ground that the companies were not authorized to transact a reinsurance business, and that the acts of reinsurance were *ultra vires* and void, and there could, therefore, be no recovery for assessments on the policies of reinsurance. It is a well known and recognized principle of law that a corporation possesses only such powers as are granted to it. This is modified to the extent that all powers which are necessary to the enjoyment of the rights and privileges granted are included in the grant of powers. This is upon the theory that it is essential that the corporation shall have the right to carry out and enjoy the rights and privileges conferred upon it, so that any right or power which is essential to the enjoyment of the powers granted is implied. In *Smith & Crittenden v. Steele*, 8 Neb. 115, it is said: "But a corporation is a mere creature of the statute, and, being such, it possesses only those properties and powers which the charter of its creation confers upon it." In *State v. Atchison & N. R. Co.*, 24 Neb. 143, it is held: "The powers of a corporation organized under legislative statutes are

such, and such only, as the statute confers. The charter of a corporation is the measure of its powers, and the enumeration of these powers implies the exclusion of all others." And in the body of the opinion, at page 162, the following language, taken from *Thomas v. Railroad Co.*, 101 U. S. 71, is quoted with approval: "Conceding the rule applicable to all statutes that what is fairly implied is as much granted as what is expressed, it remains that the charter of a corporation is the measure of its powers, and that the enumeration of these powers implies the exclusion of all others." In *State v. Nebraska Distilling Co.*, 29 Neb. 700, it is said: "Unlawful acts of a corporation are not limited to those which are *mala prohibita* and *malum in se*, but include powers which the corporation is not authorized to exercise, and contracts which they are not empowered to make."

The law under which these companies were organized did not specifically grant the power or right to reinsure, but appellant contends that the right of reinsurance is essential and necessary to the transaction of the business authorized to be carried on, and, therefore, the right to transact a reinsurance business is included in the powers granted. By an examination of the provisions of our statute, it is disclosed that the legislature, in authorizing the organization of stock insurance companies, specifically granted the power to reinsure, while in the several acts authorizing the organization of mutual insurance companies no reference in any of them is made to the right to reinsure. No limitation of the amount of a risk which the stock insurance companies might write is contained in the statute authorizing their organization, while such provision does exist in the act under which the companies in question were organized. The greatest liability which they may incur upon a single risk is limited to $3,000, while under certain conditions the liability on a single risk is limited to $1,000. This would indicate that no limitation was placed upon the stock companies as to the amount of any risk, because they possessed the power to

reinsure, and thereby divide the risk that might to them appear excessive with other companies by reinsurance. But the legislature saw fit to determine what seemed to it a just limitation of the risks which a mutual insurance company might write. Section 6544, Ann. St. 1907, provides that any number of persons, not less than 100, residing in this state *who own* city or village, real or personal property, which they desire to have insured, may associate themselves together for mutual insurance. This would seem to imply that none but owners of property were entitled to become members of a mutual insurance company, and that no property might be insured except such as was owned by the members. Section 6546 requires that all persons who effect insurance in such companies shall become members thereof. All these provisions of the statute which we have referred to indicate that it was the purpose of the legislature to limit the business to be transacted by these mutual companies to the insurance of tangible property owned by their members.

At this point it seems proper to consider the nature of a contract of reinsurance. In *Barnes v. Hekla Fire Ins. Co.,* 56 Minn. 38, it is said: "Reinsurance * * * is a contract of indemnity, in which the insurer reinsures risks in another company, and is solely for the benefit of the latter, and not of the policy holders." In *Hunt v. New Hampshire F. U. Ass'n,* 68 N. H. 305, it is said: "By a contract of reinsurance, in whatever language expressed, the obligation of the reinsurer is to indemnify the insurer against his liability for the loss by fire of the property insured. They stand in a relation to each other much like that of principal and surety. The only material difference is that the reinsurer is not in law directly liable to the insured." In the case of *Goodrich & Hick's Appeal,* 109 Pa. St. 523, it is said: " 'Reinsurance' is properly applied to an insurance effected by one underwriter with another, the latter wholly or partially indemnifying the former against the risks which he has

35

assumed; that is to say, after an insurance has been effected, the insurer may have the subject of insurance reinsured to him by some other." It is apparent, therefore, that the contract of reinsurance is not to insure the owner of the property against its loss by fire or other casualty, but is a contract to indemnify another insurance company or underwriter. Strictly speaking, it is purely a contract of indemnity, not against loss by fire or other hazard provided in the original policy, but against loss by or on account of the outstanding contract of insurance with the owner of the property. A contract of reinsurance is simply to indemnify the original insurer for a loss he may sustain upon his contract of insurance. It is a guaranty to reimburse him for any sum he may be compelled to pay under a contract of insurance with the owner. While it might be convenient, or even an advantage, to a mutual insurance company to possess the right to reinsure its risks that to it might seem excessive, or to reinsure a portion of its risks where it has too great a number in the same locality, and while we do not decide that this cannot be done in a company empowered to assume such risks, yet such right is not necessary to the transaction of the insurance business. It has the right to limit the amount of any one risk, or the number of risks, that may be offered to it to such an amount, or to such a number, as to it appears safe. But in no event can it go beyond the limitation placed upon it by the statute. For the reasons given, we are of the opinion that chapter 45, laws 1897, authorizing the organization of mutual insurance companies, was not intended to, and did not, confer upon them the right to transact a reinsurance business.

Appellant contends that the contracts of reinsurance were executed, and that the appellee is estopped from setting up the defense of *ultra vires*. In this we do not concur. The contracts were not executed, and this action is for the purpose of enforcing a liability upon the contracts. It follows from what has heretofore been said, that it was beyond the powers of these companies to write

reinsurance, and, where the contracts are beyond the powers of the companies to write, they are not estopped from pleading *ultra vires* as a defense. 22 Cyc. 1416, 1417. There are several other questions raised by the appeal, but it is unnecessary to discuss them, for the judgment rendered was the only one that could have been properly entered.

It follows that the judgment of the district court should be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.