M. D. FLANDERS, Appellee, v. F. A. MONROE, Appellant.

**TRIAL: Instruction—Abstract and Inapplicable to Issue.** An instruction, stating an abstract proposition, as to which there is no issue, should be rejected.

PRINCIPLE APPLIED: Plaintiff declared on a contract entered into between himself and defendant. Defendant *admitted the making of this contract,* but alleged that it had been sup-

planted by a subsequent oral contract. On the trial, it developed that plaintiff had a partner in the deal. Defendant did not change his pleading. *Held,* an instruction was properly refused that told the jury that plaintiff could not sue, individually, on a partnership claim, there being no issue as to the proper party plaintiff. (The court did instruct that plaintiff must show that he was the owner of the claim.)

**PARTIES: Plaintiffs—Who May Sue—Party in Whose Name Contract Made—Partnership Claim—Statute.** A party in whose name a contract is made may maintain an action thereon in his individual name, even though the claim belongs to a partnership. (Sec. 3459, Code, 1897.)

**CONTRACTS: Action on—Executory Contract—Performance—Ownership of Claim—Pleading.** One who sues on an executory contract, entered into in his own name, and alleges performance by himself, need not allege or prove *that he owns the claim.*

**APPEAL AND ERROR: Harmless Error—Reception of Incompetent Testimony.** Error cannot be predicated on the reception of incompetent testimony tending solely to support an issue which the jury properly rejected.

*Appeal from Marion District Court.*—HON. W. H. FAHEY, Judge.

WEDNESDAY, OCTOBER 27, 1915.

ACTION to recover compensation for drilling a well. There was a verdict and judgment for plaintiff and defendant appeals.—*Affirmed.*

*W. G. Vander Ploeg* and *Crozier & Welch,* for appellee.

*W. H. Lyon* and *L. D. Teter,* for appellant.

EVANS, J.—Plaintiff sued upon an executory written contract with certain oral modifications thereof, and alleged performance of such contract on his part.

The defendant admitted the execution of the written contract, but averred that it had been set aside by oral agreement of the parties and that a new oral contract was entered into. He pleaded the terms of the alleged oral contract and

averred that the plaintiff had failed to comply with the same. He pleaded, also, a counterclaim to recover money paid on such contract, the basis of such counterclaim being the failure of performance on the part of plaintiff.

It is a matter of grave doubt whether the state of the record as presented by the appellant is such as to permit our consideration of the questions argued. Solving such doubts, however, in favor of the appellant, we pass to the merits of the appeal.

I. The appellant urges upon our attention that the plaintiff was not the owner of the claim sued on and was, therefore, not entitled to sue. This claim is based upon certain testimony of the plaintiff to the effect that he had a partner during a part of the time, at least, when the performance of the contract sued on was had, and that such partner assisted him in a part of the work upon such well. Appellant's claim, therefore, is that the partnership is the owner of the cause of action and that the plaintiff cannot sue thereon individually. Appellant asked an instruction to this effect, which was refused, and error is assigned upon such refusal. The trial court did instruct on its own motion that the plaintiff must show that he was the owner of the claim.

1. TRIAL: instruction: abstract and inapplicable to issues.

There are several conclusive reasons why appellant's contention cannot be sustained:

First, plaintiff sued upon a written contract entered into between himself and the defendant alone. The defendant admitted the execution of the written contract with the plaintiff, but pleaded that the same had been set aside by subsequent mutual agreement. He also pleaded an oral contract with the plaintiff individually and pleaded that the work done by plaintiff was done in pursuance of such oral contract. He pleaded, also, a counterclaim against the plaintiff individually, for failure of performance of such contract. Not only was there no issue as to the proper party plaintiff, but the pleadings on both sides made it affirmatively appear that

the plaintiff was the real party in interest. The evidence relied on, therefore, in the assignment of error had no relevancy to any issue in the case.

Second, the contract having been made with the plaintiff individually and in his name, he was entitled

**2. PARTIES: plaintiff's: who may sue: party in whose name contract made: partnership claim: statute.** to sue upon it under the express provisions of our statute, Code Sec. 3459. Under this statute, it was immaterial whether the partner or partnership had any interest in this particular cause of action. We may note further that, inasmuch as plaintiff sued upon an executory contract entered

**3. CONTRACTS: action on: executory contract: performance: ownership of claim: pleading.** into in his own name and alleged performance thereof by himself, it was not necessary for him to allege or prove ownership of the cause of action. This would be legally presumed until some issue were tendered thereon.

II. The real controversy under the evidence upon the trial was whether the written contract was in force as pleaded by the plaintiff or whether it had been wholly set aside and a new oral contract substituted therefor, as pleaded by the defendant. The evidence introduced by the defendant to show failure of performance was predicated upon the oral contract pleaded in the answer. There was no evidence of failure of performance of the requirements of the written contract. It may be said, also, that the evidence did not show a performance of the requirements of the oral contract as pleaded by the defendant. In order to find for the plaintiff, the jury must have found that the written contract was in force between the parties. Under the terms of the written contract, plaintiff's compensation was not conditioned upon the supply of water. Under the terms of the alleged oral contract, as pleaded by the defendant, the plaintiff was to furnish a sufficient supply of water, and failing to do so, was to receive no pay. Whether the well will continue to furnish sufficient water was one of the questions in dispute under the evidence.

The difference in the terms of the written contract pleaded by plaintiff and the oral contract pleaded by the defendant was recognized by the court in instructions 6 and 8, upon each of which error is assigned. The instructions thus complained of are in strict accord with our foregoing analysis of the issues between the parties at this point.

III. The plaintiff was permitted to introduce the testimony of one Stentz, which tended to show the efficiency of a well of the witness which had been constructed in the same manner as the well involved in the suit, and which had been in use for 18 years. It is urged that this testimony was·incompetent. It is enough to say that it bore only on the question of compliance with the terms of the·oral contract pleaded by the defendant. Inasmuch as the jury must have found for the plaintiff upon the written contract, the evidence was nonprejudicial to the defendant upon any view of the case. We need not, therefore, consider its competency. This suggestion disposes also of the error assigned·upon the overruling of defendant's motion for a new trial. One ground of such motion was newly discovered evidence and was supported by four affidavits. These affidavits disclosed proposed new evidence, all of which bore only on the question of whether the terms of the oral contract had been complied with. We think it clear that none of the errors complained of by. the appellant can be sustained.

4. APPEAL AND ERROR: harmless error: reception of incompetent testimony.

The judgment below is therefore—*Affirmed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.