CARROLL, DONALD K., Judge.
Two of the respondents in receivership proceedings have appealed from an order entered by the Circuit Court for Leon County denying their petition for a priority as to certain reinsurance proceeds.
The basic question presented for our determination in this appeal is whether that court erred in such denial in view of the appellants’ contention that the reinsurance contract was for their benefit as the original insureds.
The appellants, Imperial Polk Leathers, Inc., and Saddle Creek Properties, Inc., both hereinafter referred to as “Imperial,” were among the groups of respondents which were subscribers of the Florida Insurance Exchange, an insolvent domestic reciprocal insurer, had been ordered into receivership, with the appellee-relator, the Treasurer and ex officio Insurance Commissioner, being appointed as the receiver. The receiver filed a petition for instructions, and Imperial filed the petition first mentioned above for affirmative relief asserting a priority to certain reinsurance proceeds. In the order appealed from herein the court, among other things, denied the appellants’ petition.
The pertinent facts established by the evidence and a stipulation entered into by the parties are as follows:
Imperial asked an insurance agency to secure fire insurance coverage for its *793 properties, and the agency arranged for such coverage with the above-mentioned Florida Insurance Exchange, which expressly imposed a condition of its obtaining facultative reinsurance before it would cover above $140,000. When such reinsurance had been found, the Exchange issued riders increasing its coverage of Imperial, so that the total fire insurance coverage of Imperial rose to over $500,000.
On August 4, 1966, a fire occurred at the premises of Imperial, and the Exchange and Imperial agreed to a total fire loss of $333,030.66. Proofs of claim were timely filed.
Prior to the receivership of the Exchange, Lloyds, a reinsurer, paid the Exchange under its fire treaty $75,873.02 for the fire loss incurred by Imperial, and another reinsurer paid the Exchange under its facultative reinsurance contract $55,-973.70 for the fire loss incurred by Imperial. No part of this reinsurance money was ever turned over to Imperial by the Exchange. ■ No part of Imperial’s fire loss has ever been paid.
This court in McDonough Construction Corp. v. Pan American Surety Co., 190 So.2d 617 (Fla.App.1966) had occasion to recognize the general principle in reinsurance that the reinsurance contract is between the reinsurer and the insurer, and the original insured has no privity ~m that contract;, and that, if the insurer becomes insolvent, the reinsurance proceeds become assets to be distributed among the general creditors and the original insured has no equitable claim upon them.
In this appeal, however, Imperial contends that the courts have recognized three exceptions to the foregoing principle: (1) where the reinsurer binds itself to the terms and conditions of the original contract; (2) where the reinsurer binds itself to assume complete liability for the original policies; and (3) where, by special agreement between the original insured and its insurer, reinsurance is made a condition of the original policy.
Upon a consideration of the authorities, we have reached the conclusion that the first exception to the above general principle which we recognized in the McDon-ough case, supra, is a valid exception to that principle in Florida. This case, as to that exception, makes this, we conclude from our research on the point, a case of first impression in Florida.
In support of its contention that such an exception should be recognized in the case at bar, the appellant cites and relies upon the decision of the Alabama Supreme Court in United States Fire Ins. Co. v. Hecht, 231 Ala. 256, 164 So. 65 (1935) and the decisions of the Missouri Supreme Court in Homan v. Employers Reinsurance Corporation, 345 Mo. 650, 136 S.W.2d 289, 127 A.L.R. 163 (1940), and First National Bank of Kansas City v. Higgins, Mo., 357 S.W.2d 139 (1962). As we read them, these decisions stand for the proposition that a reinsurance contract which binds the reinsurer to the terms and conditions of the original policy is a contract assuming liability to the original insured in the amount reinsured.
Our independent legal research, however, shows that there is a split of authority as to this proposition. After full consideration of the conflicting authorities, we have concluded that the three cases relied upon by the appellant represent the better view and more nearly coincide with our concepts of justice under law.
Among the decisions from jurisdictions other than Alabama and Missouri recognizing what we consider to be the better view are Hunt v. New Hampshire Fire Underwriters Assoc., 68 N.H. 305, 38 A. 145, 38 L.R.A. 514, 73 Am.St.Rep. 602 (1895); and Globe Nat. Fire Ins. Co. v. American Banking & Casualty Co., 205 Iowa 1085, 217 N.W. 268, 56 A.L.R. 463 (1928).
In the case at bar two certificates of reinsurance contained this provision: *794 “Subject to the same risks, valuations, endorsements (except changes of location), assignments and conditions as the Original Insurance, and loss if any to be settled and paid pro rata with the reinsured and at the same time and place and upon the same terms and conditions.” The remaining five certificates provide that the “Form 8 Conditions” were “As original.” Similarly, two cover notes provided: “Subject to all the terms, clauses, and conditions of the policy.” Lloyds bound itself by the express language of the reinsurance agreement to the terms and conditions of the original contract.
In our opinion, the above-quoted provisions of the reinsurance agreements bring this case squarely within the rule recognized in the Hecht, Homan, and Higgins cases, supra, as an exception to the general principle which we recognized in the McDonough case, supra. Accordingly, we think that the Circuit Court committed reversible error in denying the appellants’ petition for a priority as to the reinsurance proceeds.
Therefore, the order appealed from herein must be, and it is, reversed and the cause is remanded with instructions for further proceedings consistent with the views set forth above.
Reversed and remanded with directions.
RAWLS, J., concurs.
WIGGINTON, C. J., dissents.